**Krishan SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–4831–ag.

United States Court of Appeals, Second Circuit.

July 31, 2006.

**82**

Krishan Singh, Ozone Park, NY, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado; Amanda Rocque, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Krishan Singh, *pro se*, petitions for review of the August 2005 decision of the BIA affirming Immigration Judge ("IJ") Philip L. Morace's order denying his motion to reopen his immigration proceedings based on changed country conditions. We assume the parties' familiarity with the underlying facts and procedural history.

A petition for review of a BIA order must be filed within thirty days of entry of that order. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006); 8 U.S.C. § 1252(b)(1). In his petition, Singh seeks to challenge the IJ's underlying removal order, in addition to the BIA's decision affirming the IJ's denial of his motion to reopen. Despite Singh's apparent desire to challenge the underlying decision, this Court may review only the BIA's August 2005 order affirming the IJ's denial of the motion to reopen, as that is the only decision for which a petition was timely filed. *See Paul,* 444 F.3d at 153.

When the immigration court denies a motion to reopen or reconsider, this Court reviews the decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

The IJ did not abuse his discretion in denying Singh's motion to reopen. The IJ's finding that Singh essentially failed to establish a *prima facie* case for eligibility for relief was a rational conclusion and a proper basis for denying the motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In support of his motion to reopen, Singh submitted nothing except his own affidavit. Notwithstanding Singh's claim that he feared being arrested and tortured due to the

coming to power of the Congress Party in India and recent atrocities allegedly committed against the Sikh community there, the IJ reasonably found that Singh had failed to submit materials in support of his motion related to his claim.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.